**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-1619**

———————

ISA P. GREENE,

              Plaintiff – Appellant,

     v.

RANDY SCOTT, individually and in his official capacity as Chief of the Columbia Police Department; THE CITY OF COLUMBIA,

              Defendants - Appellees.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Senior District Judge. (3:13-cv-00567-JFA)

———————

Submitted: January 26, 2016     Decided: February 11, 2016

———————

Before NIEMEYER, GREGORY, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Glenn Walters, R. Bentz Kirby, Orangeburg, South Carolina, for Appellant. W. Allen Nickles, III, NICKLES LAW FIRM, LLC, Columbia, South Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Isa P. Greene appeals the district court's order granting summary judgment to Randy Scott, Chief of the Columbia, South Carolina, Police Department, and the City of Columbia (collectively, "Appellees"). In her 42 U.S.C. § 1983 (2012) complaint, Greene claimed that Appellees violated her due process rights under the Fourteenth Amendment by publicly announcing her termination and tarnishing her reputation, thus depriving her of the opportunity for future gainful employment. On appeal, Greene argues that the district court wrongly concluded (1) that Scott's public comments were insufficient to create an actionable level of reputational stigma, and (2) that a news article conveying statements by the Mayor of Columbia was inadmissible hearsay. We affirm.

We review the grant or denial of summary judgment de novo, "drawing reasonable inferences in the light most favorable to the non-moving party." Butler v. Drive Auto. Indus. of Am., Inc., 793 F.3d 404, 407 (4th Cir. 2015) (internal quotation marks omitted). Summary judgment is only appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Although the court must draw all justifiable inferences in favor of the nonmoving party, the nonmoving party must rely on more than conclusory allegations, mere speculation,

2

the building of one inference upon another, or the mere existence of a scintilla of evidence." Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir. 2013).

Under 42 U.S.C. § 1983 (2012), Greene must show that Appellees, "acting under color of state law," deprived her of a right protected by the Constitution or federal law. Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 (4th Cir. 2009). While Greene, as an at-will employee, has no protected "property" interest in her employment, Appellees "cannot deprive [her] of [her] freedom to take advantage of other employment opportunities." Sciolino v. City of Newport News, 480 F.3d 642, 645 (4th Cir. 2007) (internal quotation marks omitted). Because of this, "a Fourteenth Amendment liberty interest is implicated by public announcement of reasons for" Greene's discharge. Id. at 645-46 (internal quotation marks omitted).

To survive summary judgment on her claim alleging that Appellees violated this liberty interest, Greene must demonstrate that Scott's charges (1) stigmatized her reputation, (2) "were made public by the employer," (3) were made in conjunction with her firing, and (4) were false. Id. at 646. With regard to the first element, the reputational stigma must be significant, "impl[ying] the existence of serious character defects such as dishonesty or immorality." Ridpath v. Bd. of Governors Marshall Univ., 447 F.3d 292, 308 (4th Cir. 2006)

3

(internal quotation marks omitted). In determining whether the stigma created was sufficient to imply a liberty interest, we have "distinguished statements that imply such serious character defects from statements that simply allege 'incompetence.'" Id.

After reviewing the record, we find no evidence of reputational stigma sufficient to implicate a liberty interest under the Constitution. Scott merely criticized the adequacy of Greene's work, and Greene admitted as much at her deposition. This, as our previously cited precedent explains, fails to rise to the level of constitutional concern under § 1983. Further, because "a municipality cannot be liable in the absence of a constitutional violation by one of its agents," Altman v. City of High Point, N.C., 330 F.3d 194, 207 n.10 (4th Cir. 2003) (citing City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (per curiam)), judgement in favor of the City of Columbia was likewise proper.

We next review for abuse of discretion the admission of hearsay evidence. United States v. Wood, 741 F.3d 417, 425 (4th Cir. 2013). "Hearsay" is any statement that the declarant does not make at the instant trial that "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Hearsay is inadmissible except as otherwise provided by federal rule or statute. Fed. R. Evid. 802.

4

The district court properly held that the news article offered by Greene was inadmissible hearsay. The declarant, the article's writer, did not attest before the district court that the statements printed in the article actually occurred; yet Greene attempts to offer the article as proof that the statements were made. This is hearsay. See Nooner v. Norris, 594 F.3d 592, 603 (8th Cir. 2010) ("Newspaper articles are rank hearsay" (internal quotation marks omitted)). Greene's argument that the Mayor's statements in the newspaper article should be admitted as a non hearsay statement by a party-opponent under Fed. R. Evid. 801(d)(2) fails to distinguish the Mayor's statement, which is not hearsay, from the conveyance of that statement in the newspaper article, which is hearsay. Id.; Libertad v. Welch, 53 F.3d 428, 443 n.12 (1st Cir. 1995). Therefore, the district court properly declined to consider this evidence in assessing the summary judgment motion.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5